STATE v. JOHNSON H. CHURCH

(Filed 26 March, 1958)

APPEAL by defendant from *Nettles, J.,* December Term 1957 of CALDWELL.

The defendant was tried and convicted in the Recorder's Court of Caldwell County upon a warrant charging him with the illegal possession of twenty-six 16 oz. cans of beer and six pints of taxpaid whiskey. From the judgment imposed the defendant appealed to the Superior Court where he was tried *de novo* on the original warrant.

The State's evidence tends to show that on 4 October 1957, two law enforcement officers, armed with a search warrant which was read to the defendant, proceeded to search a one-room cinder block building in the City of Lenoir. In the room there was a commercial type ice box and a breakfast room table and there was one plate and one fork, but no knife. There were no cooking utensils and no clothing except what he was wearing at the time. There was a TV set but it was not hooked up. There was no merchandise there for sale. There was a three-quarter bed in the place. The officers found twenty-four pints of beer on ice and six pints of whiskey in another ice box. The defendant told the officers that he was living in the room.

The State's evidence further tends to show that over a period of several weeks while the premises were being watched by an officer, defendant had spent the first part of the night in this building but would leave and go to his home on Underdown Avenue; that he never spent a full night in this building during that period.

The defendant testified that the beer and whiskey belonged to him; that both were for his own use and that he was living there at the time the place was searched. That he and his wife were estranged at the time and he was not living with her at his home on Underdown Avenue.

The jury returned a verdict of guilty. Judgment was imposed on the verdict and the defendant appeals, assigning error.

*Attorney General Patton, Ass't. Attorney General McGalliard, for the State.*

*W. H. Strickland, for defendant.*

PER CURIAM. The State's evidence was sufficient to carry the case to the jury and to support the verdict. The determinative question to be decided by the jury was whether or not the room where the liquor was found was at the time being occupied as living quarters by the defendant. This question was fully and clearly presented to the jury in a charge free from error. It involved a question wholly within the province of the jury and the jury accepted the State's version. Under the charge, the verdict of the jury was made to turn upon the possession of the six pints of whiskey (not the beer), and whether or not the place where it was found was the home of the defendant.

No prejudicial error in the trial below has been made to appear.

No Error.